**SO ORDERED: July 2, 2013.**



_____
**Frank J. Otte
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE:<br>  DREW B. WIEDER<br>   MELISSA A. WIEDER<br>    Debtors | Case No.12-04505-FJO-7 |
| GREGORY K. SILVER TRUSTEE<br>   Plaintiff<br>    vs.<br>BRUCE N. MUNSON, P.C.<br>RESOLUTION TEAM, LLC<br>   Defendants | Adversary Proceeding<br>No.12-50353 |

**FINDING OF FACTS AND CONCLUSIONS OF LAW ON
TRUSTEE'S  MOTION FOR SUMMARY JUDGMENT**

This matter came before the Court upon the filing of the Trustee's Motion for Summary Judgment.  The Trustee asserts that these funds were still property of the Debtors' bankruptcy estate at the time they were transferred to Defendants, the Trustee is entitled to those funds. Therefore, the Trustee seeks an order pursuant to 11 U.S.C. § 542, requiring Defendants to

each turn over the excess funds to the Trustee. Alternatively, the Trustee requests that the transfers to Defendants be avoided pursuant to 11 U.S.C. § 549 and judgment be entered against Defendants in favor of the Trustee for the amount of the excess funds each Defendant received. The Court held a hearing on this matter and it is now ready for the Court's ruling.

## FINDINGS OF FACT

1. On April 18, 2012 (the "Petition Date"), Debtors, Drew B. Wieder and Melissa A. Wieder, filed a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code ("the Bankruptcy Code") under Case No. 12-04505-FJO-7 (the "Bankruptcy Case").

2. On or about June 8, 2012, a Section 341 meeting was held, and Debtors did not list in their schedules surplus funds in the amount of $103,551.31 from the 2009 tax sale of Debtor, Melissa A. Wieder's, former real property that was being held by the Hamilton County Treasurer on the Petition Date (the "surplus funds").

3. On or about June 10, 2012, the Trustee filed his Report of No Distribution.

4. On or about July 11, 2012, the Court entered its Order in No Asset Case.

5. The Trustee was unaware of the Surplus Funds, so the bankruptcy case was closed, and the Debtors received their discharge on or about August 8, 2012.

6. After the case was closed, Debtor, Melissa A. Wieder ("Debtor"), received a call from an assistant at the office of Defendant, Bruce N. Munson, P.C., indicating that Defendant, Tax Resolution Team, LLC, had located surplus funds in the amount of $103,551.31 from the 2009 tax sale of real property previously owned by Debtor at 18089 Benton Oak Drive, Noblesville, Indiana 46062, that was being held by the

Hamilton County Treasurer (the "surplus funds").

7. During the phone call on August 21, 2012, Debtor informed Defendant, Bruce N. Munson, P.C., that she did not think she was entitled to the Surplus Funds because she had just closed the Bankruptcy Case.

8. Defendant, Bruce N. Munson, P.C., stated to Debtor that attorney Bruce N. Munson ("Munson") had researched Debtor's Bankruptcy Case thoroughly, and that Debtor was entitled to the money. Defendant, Bruce N. Munson, P.C., also stated that it had claimed similar monies for other clients many times in the case of bankruptcy.

9. On Wednesday, August 22, Debtor met with Munson at Defendant, Bruce N. Munson P.C.'s, office, where Munson again reassured Debtor that the Surplus Funds were Debtor's to claim and that the Bankruptcy Case was not a factor.

10. Based upon the reassurances by Munson, Debtor executed a Fee Agreement with Munson to represent Debtor for the purposes of obtaining the Surplus Funds from the Hamilton County Treasurer.

11. At the same time, Debtor also executed a Letter of Agreement with Defendant, Tax Resolution Team, LLC, requesting its assistance in obtaining the Surplus Funds.

12. On Friday, August 24, 2012, Debtor met with Munson at the Office of the Hamilton County Treasurer to pick up the check for the Surplus Funds in the amount of $103,551.31 from the Hamilton County Treasurer.

13. Upon receiving the Surplus Funds from the Hamilton County Treasurer, Debtor signed the check in the amount of $103,551.31 over to Defendant, Bruce N. Munson, P.C.

14. Upon signing over the check, Defendant, Bruce N. Munson, P.C. issued a check to Debtor in the amount of $72,485.02, which represented the entirety of the Surplus Funds, less the fee to Defendant, Bruce N. Munson, P.C., in the amount of $20,710.26 and the fee to Defendant, Tax Resolution Team, LLC, in the amount of $10,355.13 (collectively, the "post-petition transfers").

15. Shortly after the transfer of the funds, the Trustee discovered the existence of the Surplus Funds and petitioned this Court to reopen Debtors' bankruptcy case on September 26, 2012.

16. On September 28, 2012, this Court entered an Order Reopening the Bankruptcy Case and Notice of Reappointment of Gregory K. Silver as Trustee.

17. On October 8, 2012, Debtor submitted a check in the amount of $72,485.92 to the Trustee representing Debtor's share of the proceeds from the Surplus Funds.

18. On or about October 12, 2012, the Trustee demanded that Defendants each turn over the funds they received in the post-petition transfers, but to date, both Defendants have refused to do so.

## STANDARD OF REVIEW

Summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Wolf v. City of Fitchburg*, 870 F.2d. 1327 (7th Cir. 1989). Once a motion for summary judgment is made and supported, an adverse party may not rest on the mere allegations or denials in that party's pleadings, but rather must respond by affidavits or as otherwise

provided in Rule 56, setting forth a specific fact showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Shlay v. Montgomery*, 802 F.2d. 918, 920 (7th Cir.1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). "When determining whether a genuine issue of material fact exists, we consider evidence in the light most favorable to the nonmoving party." *Farrell v. Butler University*, 421 F.3d 609, 612 (7th Cir. 2005); *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute over material facts is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

CONCLUSIONS OF LAW

Post-petition transfers are property of the bankruptcy estate and subject to turnover pursuant to 11 U.S.C. § 542. An estate is created when a bankruptcy petition is filed and it includes any interest, either legal or equitable, of the debtor in property, wherever located and by whomever held. 11 U.S.C. § 541(a). If the Debtor was entitled to the entirety of the surplus funds on the petition date, then the surplus funds became property of the bankruptcy estate.

11 U.S.C. § 554(d) provides that property that is not abandoned and that is not administered in the case remains property of the estate. *See In re Medley*, 29 B.R. 84, 85 (Bankr. M.D. Tenn. 1983); *see also In re Kottmeier*, 240 B.R. 440 (M.D. Fla 1999) (holding that an asset must be scheduled before it can be abandoned by the trustee). The Trustee, in his memorandum, cites *In re Medley*, a case decided by the Bankruptcy Court for the Middle District of Tennessee. The *Medley* court was faced with nearly an identical situation to the case before this court when the trustee discovered a tax refund the debtors were entitled to that the debtors did not include on their schedule of assets. 29 B.R. at 85. The debtors argued that the trustee abandoned the tax refund; however, the *Medley* court found in favor of the trustee. *Id.* at 87. "If the debtor fails to list an asset of the estate in his schedules and this property is not administered before the case is

closed, then the asset is not deemed abandoned under § 554. *Id.* at 86-87.

In this case before this Court, the Trustee did not know about the surplus funds, so it was impossible for him to have abandoned the surplus funds. The Debtors did not list the surplus funds in the schedules filed with the court. The existence of the funds were not even disclosed to the Trustee until after the original bankruptcy case was closed. Accordingly, the surplus funds, including the portions of the surplus funds which were transferred to Defendants in the post-petition transfers, remain property of the estate. Therefore, as property of the bankruptcy estate, the Trustee is entitled to immediate payment and turnover from Defendants of any and all portions of the surplus funds which were transferred by Debtor to Defendants in the post-petition transfers.

Additionally, section 549 of the Bankruptcy Code provides that the trustee may avoid any transfer of property of the estate which occurs after the commencement of the case and that is not authorized or only authorized under § 303(f) or 542. 11 U.S.C. § 549 (a). *See also Yoon v. MinterHiggins*, 399 B.R. 34, 40 (N.D. Ind. 2008). In the present case, the surplus funds were property of the bankruptcy estate. *See* 11 U.S.C. § 541(a) and 554(d). After this case was filed, Debtor transferred to Defendant, Bruce N. Munson, P.C., $20,710.26 from the surplus funds and $10,355.13 to Defendant, Tax Resolution Team, LLC. These transfers were neither made pursuant to 11 U.S.C. § 303(f) or 11 U.S.C. § 542 nor were they authorized by the Court. Therefore, the post-petition transfers must be avoided under 11 U.S.C. § 549.

To the extent that the post-petition transfers are avoided pursuant to 11. U.S.C. § 549, the Trustee can recover the funds from these transfers for the benefit of the estate. 11 U.S.C. § 550(a)(1). The Defendants were the initial transferees of the post-petition transfers. Therefore the funds from these post-petition transfers may be recovered by the Trustee pursuant to Bankruptcy Code § 550(a)(1) for the benefit of creditors.

## CONCLUSION

The Court finds that the Trustee has met his burden in showing that there is no dispute as to any genuine material fact in this matter and he is entitled to summary judgment as a matter for law as on all grounds prayed for in the Trustee's motion for summary judgment and supporting memorandum. Accordingly, this Court will by a separate judgment entry order the Defendant, Bruce N. Munson, P.C., to immediately turn over $20,710.26 to the Trustee, plus pre- and post-judgment interest; and the Court will further order that Defendant, Tax Resolution, LLC, immediately turn over $10,355.13 to the Trustee, plus pre- and post-judgment interest. Alternatively, the Court will further order that the Trustee may recover the post-petition transfers from the Defendants for the benefit of Debtors' estate pursuant to Bankruptcy Code § 550(a)(1) and will grant a judgment in favor of the Trustee against Defendant, Bruce N. Munson, P.C., in the amount of $20,710.26 plus all pre- and post-judgment interest that has accrued thereon since the date that the Trustee demanded the return of the Munson Post-Petition Transfer to the date of payment and the Court will order that judgment be entered in favor of the Trustee against Defendant, Tax Resolution, LLC, in the amount of $10,355.13 plus all pre-and post-judgment interest that has accrued thereon since the date that the Trustee demanded the return of the Tax Resolution Post-Petition Transfer to the date of payment.

###